# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:11-CR-79-TLS |
| | ) | |
| JAMES RAY | ) | |

## OPINION AND ORDER

This matter is before the Court on the Defendant's pro se Motion to Reduce Sentence

Under Sentencing Commission 2-Level 782 Amendment [ECF No. 66], and Motion for

Modification or Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) [ECF No. 73].

Although counsel voluntarily entered an appearance for the Defendant, counsel has since filed a

Motion to Withdraw [ECF No. 71], asserting that he has determined that the Defendant is not

eligible for a reduction in his sentence pursuant to Amendment 782.

Courts have limited authority to modify a term of imprisonment once it is imposed. *See*

18 U.S.C. § 3582(c); *United States v. Stevenson*, 749 F.3d 667, 669 (7th Cir. 2014) ("A term of

imprisonment is a final judgment that can only be modified in limited circumstances."). Title 18

U.S.C. § 3582(c)(2) permits a defendant who was sentenced to a term of imprisonment "based

on" a Guidelines sentencing "range that has subsequently been lowered" by retroactive

amendment to move for a sentence reduction. Amendment 782, which applies retroactively,

changed the threshold amounts in the drug quantity tables at Guideline § 2D1.1 and 2D1.11, so

that most drug quantities will have a base offense level that is two levels lower than before the

amendment.

The Defendant was convicted of violating 18 U.S.C. § 922(g)(1)—felon in possession of

a firearm—and sentenced to 94 months of imprisonment. Because his count of conviction

involved solely the unlawful possession of a firearm, his Guideline range was determined by U.S.S.G. § 2K2.1, not by the drug quantity table. The Defendant did receive a four level enhancement under § 2K2.1(b)(6) because he possessed the firearm in connection with another felony; specifically, "[t]he marijuana grow operation and the fact that the defendant had several items of stolen property to include a motorcycle and a trailer at his residence [were] considered with regard to the defendant possessing a firearm in connection with another felony offense." *See* PSIR ¶ 14, ECF No. 35; *see also id.* ¶ 23 (adding 4 points to the base offense level). The application of the enhancement was not dependant on a specific drug quantity.

After the 2014 Guideline amendments, § 2K2.1 remains the starting point for calculating the Defendant's offense level. This results in the same sentencing range of 87 to 108 months. Because no new Guideline calculations are applicable to the Defendant's sentence, much less one that has been subsequently lowered by a retroactive amendment, the Defendant is not eligible for relief under § 3582(c)(2).

A second reason exists to deny the Defendant's requested relief. The Defendant's original sentence was not "based on" the Guidelines. Instead, it was based on a plea agreement that contained a binding term of imprisonment pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C). *See* Joint Mot. to Amend Plea Agreement 1, ECF No. 45 ("The government and I agree that I should be sentenced to a term of imprisonment of 94 months. The above-mentioned agreement that I should receive a sentence of 94 months is a binding agreement pursuant to Rule 11(c)(1)(C)."). Generally, a sentence imposed pursuant to a binding plea agreement under Rule 11(c)(1)(C) is based on that agreement, not on the Guideline range, so that no relief under § 3582(c)(2) is available. *Freeman v. United States*, 131 S. Ct. 2685, 2696 (2011) (Sotomayor,

J., concurring) ("The term of imprisonment imposed by the sentencing judge is dictated by the terms of the agreement entered into by the parties, not the judge's Guidelines calculation."). Under the controlling rationale in *Freeman*, "a prisoner sentenced under a binding plea agreement is eligible for § 3582(c)(2) relief only if the binding plea agreement itself expressly refers to and relies on a guideline sentencing range." *United States v. Dixon*, 687 F.3d 356, 360 (7th Cir. 2012); *see also United States v. Scott*, 711 F.3d 784, 787 (7th Cir. 2013). Because the Defendant's Plea Agreement did not evidence that any Guideline sentencing range was employed, the agreement for a binding term of imprisonment provides another basis to find the Defendant ineligible for a reduction under § 3582(c)(2).

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Reduce Sentence Under Sentencing Commission 2-Level 782 Amendment [ECF No. 66], and Motion for Modification or Reduction of Sentence Pursuant to 18 U.S.C. 3582(c)(2) [ECF No. 73] are DENIED. Counsel's Motion to Withdraw [ECF No. 71] is GRANTED, and the Clerk is directed to terminate the appearance of attorney Thomas N. O'Malley from this cause.

SO ORDERED on October 13, 2015.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT